# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JAMES T. LANE, | : | CIVIL ACTION NO. 3:17-cv-0070 |
| --- | --- | --- |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| HSA DAVID BENOIT, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

James T. Lane ("Lane" or "Plaintiff"), at all times relevant, an inmate at the Luzerne County Correctional Facility ("LCCF"), Wilkes Barre, Pennsylvania, initiated this civil rights action on January 12, 2017. (Doc. 1). Lane amended the complaint on May 18, 2017. (Doc. 26).

Before the Court is a Motion (Doc. 29) to Dismiss pursuant to Federal Rules of Civil 12(b)(6), filed on behalf of Defendants HSA David Benoit ("Benoit"), Dr. Renato Diaz ("Diaz"), and Elizabeth Joyce, R.N. ("Joyce"). For the reasons set forth below, the Court will deny the motion.

### I. Rule 12(b)(6) Standard of Review

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82

F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 334 F. App'x 454, 456 (3d Cir. 2009) (citing Phillips v. Cty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the

complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## II. Allegations of the Amended Complaint

In the "Statement of Claims" section of the Amended Complaint, Lane sets forth allegations detailing the attempts he made, over a period of approximately nine months, to receive medical care for a knee injury suffered during his arrest and exacerbated by two separate falls at LCCF. (Doc. 26, ¶¶ 1-65). He sets forth two causes of action.

In his first cause of action, he alleges that "the actions of the defendants, in failing to accommodate my [torn Anterior Cruciate Ligament] injury by housing me on a top tier with steps on the housing unit, assigning me to the top bunk, ignoring my requests for pain relief although they knew the MRI results showing a serious injury to my knee and still failed to provide adequate medical care, and that failure aggravating the injury, failing to remove the stiches from surgery in a timely manner causing an infecting [sic] in my knee, and their sarcastic, hostile and indifferent attitude toward providing sufficient

medical care proves they were deliberately indifferent to my serious medical needs" in violation of the Eight Amendment. (Doc. 26, p. 3 e, ¶¶ 67, 69).

The second cause of action contains a retaliation claim. He alleges that he "suffered numerous adverse actions from the defendants in the form of not providing any pain relief or appropriate housing, were all done to me as a result of filing numerous grievances against these defendants." (Id., p. 3f, ¶¶ 70-72).

### III. Discussion

#### A. Eighth Amendment Claim

For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Deliberate indifference has been found where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." Rouse, 182 F.3d at 197. Only egregious acts or omissions can violate this standard. See White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990).

When the factual allegations in the complaint are accepted as true, and all reasonable inferences are drawn in the light most favorable to Lane, it is clear that he states and Eighth Amendment denial of adequate medical care claim. Consequently, Defendants' motion will be denied as to this claim.

B. First Amendment Claim

Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). These rights are lessened, but not extinguished in the prison context. See Turner v. Safley, 482 U.S. 78, 89 (1987). The fact of incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security justify limitations on the exercise of constitutional rights by inmates. See Pell v. Procunier, 417 U.S. 817, 822–23 (1974). Thus, a prison inmate "retains [only] those rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Id. at 822.

To establish a *prima facie* retaliation claim under 42 U.S.C. § 1983, a plaintiff "must prove that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). With respect to the third element, "once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by

proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001). This is a "deferential standard" meant to take into account "that the task of prison administration is difficult, and that courts should afford deference to decisions made by prison officials, who possess the necessary expertise." Id.

Lane's allegations that Defendants denied him medical care in retaliation for filing grievances are sufficient to overcome Defendants' motion to dismiss.

## III. Conclusion

Based on the foregoing, Defendants' motion (Doc. 29) will be denied.

An appropriate Order will enter.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

March 22, 2018